

WYC: KVH
F.#2011R00213

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA              PROTECTIVE ORDER

    - against -                       Cr. No. 11-0112(FB)

ALEXANDR KHARKOVER,

        Defendant.

- - - - - - - - - - - - - - - - - - -X

PROTECTIVE ORDER
GOVERNING THE DISCLOSURE OF
HEALTH INFORMATION

        To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16 and with the consent of the parties, ORDERED as follows:

        (1) **Production of Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.**

        The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) to

defendants, pursuant to defendants' discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. The United States shall produce these documents unredacted to the defendants. Upon producing these documents to the defendants, the United States shall designate them as "confidential." The defendants, including defendants' counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgment attached to this Order. The defendants shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, defendants shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy

3

them and certify in writing to counsel for the United States that the documents have been destroyed.

(2) **Confidential Health Information in Open Court.**

The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(3) **No Waiver.**

The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(4) **No Ruling on Discoverability Nor Admissibility.**

This Protective Order does not constitute a ruling on the question of whether any particular material is properly

4

discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED:
DATED: March 17, 2011

s/ Judge Frederic Block

---
HON. FREDERIC BLOCK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

4

discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED:
DATED: March 17, 2011

s/ Judge Frederic Block

---

HON. FREDERIC BLOCK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

5

## ACKNOWLEDGMENT OF TERMS AND CONDITIONS OF PROTECTIVE ORDER

The undersigned do hereby acknowledge and agree to the terms of the Protective Order Governing The Disclosure of Health Information in the case of <u>United States v. Kharkover et al.</u>, CR No. 11-0112(FB).

_____
Attorney for Defendant